UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD RICHARD and
SANDRA RICHARD,

        Plaintiffs,

vs.

OAK TREE GROUP, INC.,

        Defendant.
_____/

Case No. 1:06-cv-362

Hon. Hugh W. Brenneman, Jr.

**OPINION**

Plaintiffs allege that defendant sent letters to debtors in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B),1692f(1) and 1692g(a)(1), and the Michigan Occupational Code ("MOC"), M.C.L. §§ 339.915(a), 339.915(e), and 339.915(f), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices. This matter is now before the court on "Plaintiffs' Motion for Class Certification" pursuant to Fed. R. Civ. P. 23 (docket no. 25).

**I.    Plaintiffs' allegations**

Plaintiffs set forth the following allegations in their amended complaint. Defendant mailed them a collection letter, dated December 14, 2005, demanding payment of an alleged debt owed to American Campgrounds, Inc. ("ACI") in the amount of $6,506.58. Amend. Compl. at ¶ 8. The alleged debt was incurred for membership to be used for family vacations. *Id.* at ¶ 9. The balance allegedly owed to ACI was $4,842.78, with an additional $307.82 for interest due. *Id.* at ¶ 11. Defendant "falsely inflated the balance by $1,355.98" to include "collection fees." *Id.* at ¶ 12. Defendant failed to inform plaintiffs, "either before or at the time the collection letter was sent

, that the amount defendant claimed was due to the creditor included an additional collection fee." *Id.* at ¶ 13. Plaintiffs believe the "collection fees" are calculated as a percentage of the amount owed and contend that these fees are not reasonable. *Id.* at ¶ 15.

## II.     Procedural background

Plaintiff filed this suit on May 25, 2006. The case management order provided that motions to join parties or amend the pleadings had to be filed by January 30, 2007, discovery proceedings had to be completed by February 28, 2007, and dispositive motions had to be filed by March 30, 2007. The matter is set for trial on September 27, 2007. It is noteworthy that this matter was not filed as a class action.

The record reflects that the parties stipulated to the filing of an amended complaint alleging a class action on January 22, 2007, which the court allowed the next day. The amended complaint seeks relief under the FDCPA consisting of a declaratory judgment that defendant violated the FDCPA, actual damages, statutory damages, costs and reasonable attorney fees. The amended complaint also seeks relief under the MOC consisting of a declaratory judgment that defendant violation the MOC, an injunction to enjoin defendant from further violation of the MOC, actual damages, treble damages, costs and reasonable attorney fees.

Plaintiffs moved to certify the class on January 30, 2007. Defendant did not file a dispositive motion prior to the March 30, 2007 deadline. In this regard, the court notes that defendant has been represented by three different law firms. Defendant's most recent attorneys entered their appearance on April 6, 2007 -- only five days before the hearing on plaintiffs' motion for class certification.

The court heard oral arguments on the motion for class certification on April 11, 2007. The case management order contemplated that discovery would be completed and that dispositive motions would filed by this date. At the hearing, the parties advised the court that outstanding discovery remains, but no motions to compel the discovery had been filed. It became clear to the court that the merits of plaintiffs' suit are intertwined with defendant's opposition to the class certification. It was suggested that defendant's previous counsel may not have appreciated the scope of the amended complaint, which recast this suit as a class action, and that defendant's current counsel desired to file a dispositive motion.

In short, the court is faced with an entirely different lawsuit than the one reflected in the scheduling order.

### III.    Class certification

### A.    The proposed class

In their motion, plaintiffs seek to certify the following class:

> (a) All consumers residing in the state of Michigan to whom defendant mailed collection letters (b) where the collection letter included an amount added to the alleged debt as a collection fee and (c) where the collection letter did not inform the consumer that the amount as collection fee.

Motion at p. 1. In addition, because the federal and state acts have different statutes of limitations, plaintiffs seek to certify two sub-classes: (1) the FDCPA subclass which "includes all persons who meet the class definition and to whom defendant sent a collection letter after May 25, 2004 (one year before the filing of this action)"; and (2) the state law subclass which "includes all persons who meet the class definition and to whom defendant sent a collection letter after May 25, 2000 (six years before this action was filed)." *Id.* The definition of the proposed classes does not include any

requirement that prospective class members actually received the collection letters in question or suffered any injury.

### B. Requirements of Rule 23(a) and (b).

Fed. R. Civ. P. 23(a) lists the four prerequisites which must be met to maintain a class action:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all parties is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

These four requirements are referred to as "numerosity, commonality, typicality and adequacy of representation." *Peters v. Cars To Go, Inc.*, 184 F.R.D. 270, 275 (W.D.Mich.1998). "A court may certify a class action only if all four requirements are met." *Lozada v. Dale Baker Oldsmobile, Inc.*, 197 F.R.D. 321, 327 (W.D. Mich. 2000), citing *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1079 (6th Cir.1996).

If each of the four requirements of Rule 23(a) is met, the party seeking certification must also show that the action falls within one of the categories listed in Rule 23(b). Here, plaintiffs attempt to show that the action falls within Fed. R. Civ. P. 23(b)(3), which provides that a class action may be maintained if

> the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the

      particular forum; (D) the difficulties likely to be encountered in the management of
      a class action.

While a district court has broad discretion in deciding whether to certify a class, it may not certify the class without performing a rigorous analysis of the Rule 23 requirements. *See Sprague v. General Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998) (en banc); *Lozada*, 197 F.R.D. 321 at 327. The party seeking class certification bears the burden of proof. *Peters*, 184 F.R.D. at 275. It has been stated that "[i]n determining whether to certify a class action, the district court must accept as true the allegations of plaintiffs' complaint and resolve doubts in favor of plaintiffs." *Lozada*, 197 F.R.D. 321 at 327. However, "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *General Tel. Co. v. Falcon*, 457 U.S. 147, 160 (1982). *See also, Coopers & Lybrand v. Livesay,* 437 U.S. 463, 469 n. 12 (1978) (determination of class action may be "'intimately involved with the merits of the claim'"); *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 259 F.3d 154, 166-68, (3rd Cir. 2001) (class certification requires thorough examination of the factual and legal allegations, citing 5 *Moore's Federal Practice* § 23.46 [4] ("[B]ecause the determination of a certification request invariably involves some examination of factual and legal issues underlying the plaintiffs' cause of action, a court may consider the substantive elements of the plaintiffs' case in order to envision the form that a trial on those issues would take.")).

### C.     Plaintiffs fail to demonstrate typicality

The court concludes that plaintiffs' proposed class fails to satisfy the typicality requirement under Fed. R. Civ. P. 23(a)(3), which requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."

> Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the unchallenged conduct.  In other words, when such a relationship is shown, a plaintiff's injury arises from or is directly related to a wrong to a class, and that wrong includes the wrong to the plaintiff.  Thus, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.

*American Medical Sys.*, 75 F.3d 1069 at 1082 (quoting 1 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*, § 3.13, at 3-76 (3d ed. 1992)(omitting footnote).  "A necessary consequence of the typicality requirement is that the representative's interests will be aligned with those of the represented group, and in pursuing his claims, the named plaintiff will also advance the interests of the class members." *Id.* at 1082.

Here, plaintiffs are not typical of the proposed class. As the Sixth Circuit observed in *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389 (6th Cir. 1998), the policy behind the FDCPA is to protect consumers from "collection abuse" at the hands of debt collectors:

> Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Congress intended the Act to eliminate unfair debt-collection practices, such as late-night telephone calls, false representations, and embarrassing communications. The Senate Report justified the need for legislation by stating:
>
>> Collection abuse takes many forms, including obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a

>       consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process.
>
> Sen. Rep. No. 382, 95th Cong., 1st Sess. 2 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1696.

*Lewis*, 135 F.3d at 398. *See, e.g., Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir.1982) ("[t]he [Fair Debt Collection Practices] Act is designed to protect consumers who have been victimized by unscrupulous debt collectors").

Plaintiffs Donald and Sandra Richard allege that they have been victimized by the receipt of defendant's letter in violation of the FDCPA. Specifically, plaintiffs received a copy of the allegedly offensive letter, and attached it as an exhibit to both the complaint and the amended complaint. They seek actual damages under both the federal and state statutes, a remedy which presupposes an injury caused by receipt of an improper letter. These are claims plaintiffs clearly intend to pursue. Plaintiffs' receipt of the letter and demand for damages premised upon that receipt thus sets them apart from the members of the proposed class, since receipt of the letter is not required for membership in the class.

Members of the proposed class as presently defined have suffered no violation of the FDCPA, or its counterpart, the MOC. The court agrees with the Second Circuit's decision in *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865 (2nd Cir. 1992), that a violation of the FDCPA occurs upon the receipt, rather than the mailing, of an illegal collection letter:

>       In adopting this statute, **Congress was concerned about the harmful effect of abusive debt practices on consumers.** *See* 15 U.S.C. § 1692(a) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."). **This harm does not occur until receipt of the collection notice. Indeed, if the notice were lost in the mail, it is unlikely that a violation of the Act would have occurred.**

> Moreover, a debt collection agency sends its dunning letters so that they will be received. Forwarding such letters to the district to which a debtor has moved is an important step in the collection process. If the bill collector prefers not to be challenged for its collection practices outside the district of a debtor's original residence, the envelope can be marked "do not forward." **We conclude that receipt of a collection notice is a substantial part of the events giving rise to a claim under the Fair Debt Collection Practices Act.**

*Bates*, 980 F.2d 865 at 868 (footnote omitted) (emphasis added).

In *Weiner v. Bloomfield,* 901 F.Supp. 771, 777, (S.D.N.Y. 19995), the court pointed out that the Act's concern is with the likely effect of various collection practices on the minds of the least sophisticated consumer. Implicit in this concern, of course, is that the least sophisticated consumer have at least minimal awareness of the existence of the collection practice in question. The focus is not on the intent of the debt collector. See also, *Maloon v. Schwartz, Zweban & Slingbaum, L.L.P.*, 399 F. Supp. 2d 1108, 1114 (D. Hawaii 2005) ("the majority of FDCPA cases have held that the plaintiff's claim arises in the district in which the plaintiff received the offending communication or debt collection letter"); *Lachman v. Bank of Louisiana in New Orleans*, 510 F.Supp. 753, 760 (N.D.Ohio 1981) (venue in FDCPA case was proper in Ohio, where plaintiff received debt collection letter, because that is where the injury occurred). *Cf.*, *Sibersky v. Goldstein*, 155 Fed. Appx. 10, 10-12 (6th Cir. 2005) (husband of consumer lacked standing to bring FDCPA claims against the debt collector for faulty notice, where husband failed "to plead some injurious exposure to the communication").

The MOC is the state's counterpart to the FDCPA. The section relied upon by plaintiffs in their prayer for relief, § 339.916, permits a person "who **suffers** injury, loss or damage, or from whom money was collected by use of a method, act, or practice" in violation of the state law, to bring an action for damages or equitable relief (emphasis added). Plaintiffs may be able to

8

make this case based upon the letter they received, but the class they propose to represent, by its own definition, could not because the members of the class have suffered no harm.[1]

Thus, under neither statute does the mere sending of a letter, absent harm caused by its receipt constitute a claim. Plaintiffs, who intend to show harm because they did receive a letter, fail to meet the typicality requirement under Rule 23(a), since it is essential to their claim that they be able to demonstrate harm, and to do so here by presenting evidence of the receipt of a letter would only highlight the deficiency in the class they seek to represent.[2] Because plaintiffs have failed to meet the typicality requirement, it is unnecessary to address the other requirements of Rule 23(a) or Rule 23(b).

### IV. Conclusion

Plaintiffs have failed to demonstrate the typicality required to certify the proposed class under Fed. R. Civ. P. 23(a). Accordingly, plaintiffs' motion for class certification (docket no. 25) will be **DENIED** without prejudice.

---

[1] The likelihood that plaintiffs will lose should be weighed in determining whether to certify a class. *In re Rhone-Poulenc Rorer, Inc.,* 51 F.3d 1293, 1299 (7th Cir. 1995); *Castano v. American Tobacco Company,* 84 F.3d 734 (5th Cir. 1996) (citing *Rhone-Poulenc Rorer, Inc.* with apparent approval). *See, General Telephone, supra,* at 160 ("[S]ometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question."); *Coopers, supra,* at n. 12.

[2] Put another way, plaintiffs would have to cut the class adrift to protect their own claim in response to a motion to dismiss.

An order consistent with this opinion shall be issued forthwith.


Dated:  April 27, 2007     /s/ Hugh W. Brenneman, Jr.
                           Hugh W. Brenneman, Jr.
                           United States Magistrate Judge