UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD RICHARD and
SANDRA RICHARD,

      Plaintiffs,

Case No. 1:06-CV-362

v.

Hon. Hugh W. Brenneman, Jr.

OAK TREE GROUP INC.,

      Defendant.
                                      /

**ORDER**

This matter is now before the court on plaintiffs' motion for attorney fees and costs (docket no. 94).

**I.**      **Background**

Plaintiffs filed this action against defendant on May 25, 2006, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692f(1) and 1692g(a)(1), and seeking damages as allowed under § 1692k(a)(1), (2) and (3). On January 22, 2007, plaintiffs amended their complaint to seek relief under the Michigan Occupational Code, M.C.L. §§ 339.915(a), 339.915(e) and 339.915(f), and to add allegations for a class action. *See* docket nos. 22, 23 and 24. Shortly thereafter, plaintiffs moved for class certification. *See* docket no. 25. The court denied plaintiffs' motion for class certification because they lacked the typicality requirement under Fed. R. Civ. P. 23(a). *See* docket nos. 49 and 50. Plaintiffs' filed a second motion for class certification, which the court denied because the class plaintiffs' sought to certify was different from the class as alleged in the first amended complaint. *See* docket no. 79. On that same date, the court granted defendant's motion for summary judgment on the FDCPA

claim brought pursuant to 15 U.S.C. §§ 1692g(a)(1), granted plaintiffs' motion for partial summary judgment on the FDCPA claims brought pursuant §§ 1692e and 1692f, and dismissed plaintiffs' state law claims without prejudice pursuant to 28 U.S.C. § 1367. *See* docket nos. 80 and 81.

The parties stipulated that in lieu of a non-jury trial on the sole remaining issue of whether plaintiffs were entitled to statutory damages of up to $1,000.00 as allowed by 15 U.S.C. § 1692k, the court would review that issue on the briefs. *See* docket nos. 87 and 88. In its Finding of Facts and Conclusions of Law entered on November 21, 2008, the court entered judgment in favor of plaintiffs in the amount of $50.00, stating in pertinent part as follows:

> [T]he non-compliance was relatively minor. This case arises from a single letter dated December 14, 2005, in which defendant failed to break down the "balance due" into its components of principal, interest and collection fees.
>
> \* \* \*
>
> [T]here is no evidence that defendant's December 14th letter was intended to violate the FDCPA to the detriment of plaintiffs. Admittedly, as the court observed [in] its previous opinion, this letter was confusing . . . Nevertheless, the court finds no evidence that defendant intended to violate the FDCPA in this case. The record reflects that plaintiffs defaulted on their agreement with ACI, making none of the agreed-upon monthly payments. The contract authorized ACI to obtain collection costs in the event of a default. When plaintiffs requested an itemized breakdown of the balance due, defendant provided it within days after the request.
>
> \* \* \*
>
> Given the fact that defendant sent only one collection letter, that the FDCPA non-compliance was relatively minor, and the lack of evidence that defendant intended to violate the FDCPA, the court finds that minimal statutory damages in the amount of $50.00 are appropriate in this case.

Findings of Fact and Conclusions of Law at 14-5 (Nov. 21, 2008) (docket no. 92).

Plaintiffs have now filed a motion seeking attorney fees and costs.

**II.     Discussion**

**A.     Legal standard**

The FDCPA authorizes the court to award a reasonable attorney's fee and costs to a prevailing party. *See* 15 U.S.C. § 1692k(a)(3); *Lee v. Thomas & Thomas*, 109 F.3d 302, 306-7 (6th Cir.1997). "In directing the courts to award "reasonable" fees . . . Congress undoubtedly wished to ensure that the lawyer representing a successful plaintiff would receive a reasonable fee for work reasonably found necessary - nothing less, and nothing more." *Lee*, 109 F.3d at 306-7. "The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir.1999). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The product of this calculation is the so-called "lodestar amount." *See Garner v. Cuyahoga County Juvenile Court*, 554 F.3d 624, 642 (6th Cir.2009). Hours that are duplicative, excessive, or otherwise unnecessary should be excluded from the initial fee calculation. *Hensley,* 461 U.S. at 434. There is a strong presumption that the lodestar amount (i.e., "the product of reasonable hours times a reasonable rate") is consistent with the rationale behind a fee-shifting statute, which is "to enable private parties to obtain legal help in seeking redress for injuries resulting from the actual or threatened violation of specific federal laws." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

However, the calculation of the lodestar amount does not end the court's inquiry. *Hensley*, 461 U.S. at 434. "There remain other considerations that may lead the district court to

adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Id.* After determining the basic lodestar amount, "a court should determine whether the fee <u>should be adjusted in light of the results obtained</u>." *Moore v. Cycon Enterprises,* 2007 WL 2320051 (W.D. Mich. 2007); (emphasis added)*, Hensley,* 461 U.S. 434. The degree of success obtained is the most important factor in determining the reasonableness of a fee award. *Kentucky Restaurant Concepts Inc. v. City of Louisville*, 117 Fed. Appx. 415, 420 (6th Cir. 2004) (citing *Hensley* at 434-36).

The degree of success obtained, however, is not the only factor to be considered in determining the reasonableness of a fee award.

> The reasonableness of a fee depends upon a number of factors, including 'the plaintiff's overall success; the necessity and usefulness of the plaintiff's activity in the particular matter for which the fees are requested; and the efficiency with which the plaintiff's attorneys conducted that activity.' *Jenkins v. Missouri,* 127 Fed.3d 709, 718 (8th Cir. 1997).

*Bankey v. Phillips & Burns, LLC,* 2008 WL 2405773 (D. Minn., 2008).

Further, and of particular importance in this case, the fee applicant bears the burden to produce evidence to support the rates charged and hours worked. *Hensley,* 461 U.S. at 433; *see also, Blum v. Stenson,* 465 U.S. 886, 895 (1984); *Moore v. Cycon Enterprises, Inc., supra* ("the party seeking an award of fees has the burden of proving that her request is reasonable."). As noted below, the difficulty in ascertaining a proper attorney fee here is the lack of evidence furnished by plaintiffs to explain the hours worked.

**B.   Plaintiffs' requested fees**

Plaintiffs seek attorney fees in the lodestar amount of $20,550.00 ($250.00 per hour x 82.20 hours). The court agrees with defendant that this fee should be reduced.

As an initial matter, plaintiff's hourly rate of $250 could fall within the reasonable range for an attorney of Mr. Nelson's caliber for federal consumer rights litigation in the Grand

4

Rapids area, although counsel does not mention the actual amount he is charging his clients. *See, e.g., Moore v. Cycon Enterprises, Inc.*, No. 1:04-cv-800, 2007 WL 2320051 (W.D. Mich. Aug. 10, 2007). The court will assume this is the amount he is charging his clients.

While plaintiffs were "prevailing parties" for purposes of 15 U.S.C. § 1692k, they were only partially successful, prevailing on only two of the FDCPA claims asserted. Defendants were granted summary judgment on one of the FDCPA claims, plaintiffs' state law claims were dismissed, and the court denied both of plaintiffs' motions for class certification. One could reasonably assume the two attempts to certify a class occupied a substantial portion of plaintiffs' counsel's time in this case, although after reviewing counsel's itemized statement of fees and expenses, it appears that only 20.10 hours were explicitly identified as being related to these unsuccessful attempts.[1] It would also appear that an attorney with Mr. Nelson's experience would work efficiently in this area and would not need to put many hours into such a modest case. Unfortunately, the cryptic and nearly unintelligible nature of this itemized statement makes it difficult for the court to meaningfully ascertain work done in regard to each of the various charges, or assess the same. Therefore, it is nearly impossible to know which hours should be stricken. Where plaintiffs have failed to meet their burden, the court is constrained to hold for defendant. "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley,* 461 U.S. at 433. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.*

Next, it is significant that plaintiffs only prevailed on a "relatively minor" violation of the FDCPA, arising from a single letter in which defendant failed to break down the balance due

---

[1] This is based upon plaintiffs' charges for the following dates: 1/15/2007; 1/16/2007; 1/24/2007; 3/28/2007; 4/11/2007; 6/9/2007; 6/13/2007. *See* docket no. 95-3.

into its components of principal, interest and collection fees. The case amounted to no more than that. With no evidence that defendant intended to violate the FDCPA, the court concluded that plaintiffs were entitled only to minimal statutory damages of $50.00. *See* Findings of Fact and Conclusions of Law (FFCL) (docket no. 92). For these same reasons, the court finds that plaintiffs did not achieve a level of success sufficient to justify an attorney fee award of $20,550.00, and that such an award would be a windfall to plaintiffs' attorney.

There is no precise rule or formula for reducing a requested attorney fee due to bringing unsuccessful claims. *See Hensley*, 461 U.S. at 436-37. "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Id.* In this case, given the cryptic documentation of services performed by plaintiffs' counsel, the court will reduce plaintiff's requested fee to reflect the narrow and limited success in this matter. Accordingly, plaintiffs' requested fee of $20,550.00 will be reduced by 85% to $3,082.00. In the court's opinion, this amount (12.33 hours x $250.00 per hour) is a "reasonable fee for work reasonably found necessary" to prosecute a claim arising from defendant's relatively minor non-compliance with the FDCPA. *See Lee*, 109 F.3d at 306-7. This was a simple case with a minimal recovery. While plaintiff's counsel will receive only a portion of the fee requested, the court notes that fee-shifting statutes "were not designed as a form of economic relief to improve the financial lot of attorneys, nor were they intended to replicate exactly the fee an attorney could earn through a private fee arrangement with his client." *Delaware Valley Citizens' Council for Clean Air*, 478 U.S. at 565. Rather, as the court previously observed, "the aim of such statutes was to enable private parties to obtain legal help in seeking redress for injuries resulting from the actual or threatened

6

violation of specific federal laws." *Id.*[2] In the court's opinion, a fee award of $ 3,082.00 to secure a $50.00 remedy meets that aim. Finally, plaintiffs have requested and are entitled to their costs incurred in this litigation amounting to $587.69.

### III. Conclusion

Accordingly, plaintiffs' motion for fees and costs (docket no. 94) is **GRANTED** in part. Plaintiffs are awarded reasonable attorney fees in the amount of **$3,082.00** and costs in the amount of **$587.69**.

**IT IS SO ORDERED.**


Dated: September 30, 2009              /s/ Hugh W. Brenneman, Jr.
                                       HUGH W. BRENNEMAN, JR.
                                       United States Magistrate Judge

---

[2] Courts have long recognized the problems inherent in determining a reasonable attorney's fee to be paid by a party's adversary. As the court observed in *King World Productions, Inc. v. Financial News Network, Inc.*, 674 F. Supp. 438 (S.D.N.Y. 1987), "[w]hile parties to a litigation may fashion it according to their purse and indulge themselves and their attorneys . . . they may not foist these extravagances upon their unsuccessful adversaries." *King World Productions*, 674 F. Supp. at 440, *quoting Farmer v. Arabian American Oil Company*, 31 F.R.D. 191, 193 (S.D.N.Y. 1963).